# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | Case No. 4:21-cr-00045-1 |
| ) | |
| Plaintiff, ) | Judge J. Philip Calabrese |
| ) | |
| v. ) | |
| ) | |
| SAMIR WAHIB, ) | |
| ) | |
| Defendant. ) | |
| ) | |

## OPINION AND ORDER

As part of the sentence in this case, the Court imposed substantial financial penalties on Defendant Samir Wahib. As relevant here, federal law mandates an order of restitution. *See* 18 U.S.C. §§ 3663(a)(3) & 3663A. Dr. Wahib moves to apply a modified restitution obligation of $105,546, half the total loss owed jointly and severally with Co-Defendant Dr. Joni Canby and in a related case with Dr. Michelle Kapon. (ECF No. 107.) For the reasons set forth below, the Court **GRANTS** Defendant's motion. In the motion, Defendant represents that the United States does not oppose his application. (*Id.*, PageID #3529.)

## BACKGROUND

Dr. Wahib pled guilty to one count of conspiracy to solicit, receive, offer, and pay kickbacks in connection with a federal health care program, in violation of 18 U.S.C. § 371, and four counts of offering or paying kickbacks in connection with a federal health care program, in violation of 42 U.S.C. § 1320a-7b(b)(2)(B). (ECF

No. 100, PageID #3475.) Under the agreement, he acknowledged that the Court could order the payment of restitution as a condition of his sentence. (*Id.*)

On June 23, 2023, the Court ordered Dr. Canby to pay restitution in the amount of $135,632 jointly and severally with Dr. Wahib. (ECF No. 85, PageID #2835.) In a related case, the Court ordered Dr. Kapon to pay restitution in the amount of $75,460 jointly and severally with Dr. Wahib. (*Kapon*, No. 4:21-cr-00064, ECF No. 32, PageID #234.) Dr. Canby and Dr. Kapon's judgments noted that the amount of restitution owed was subject to adjustment by motion. (*See* ECF No. 85, PageID #2835; *Kapon*, No. 4:21-cr-00064, ECF No. 32, PageID #235.)

On September 13, 2023, the Court entered judgment against Dr. Wahib, ordering, in part, payment of restitution in the amount of $135,632 jointly and severally with Dr. Canby and $75,460 jointly and severally with Dr. Kapon—for a total of $211,092. (ECF No. 101, PageID #3495.) Following Dr. Wahib's sentencing, Dr. Canby and Dr. Kapon each moved to modify their restitution obligation to half the total loss. (ECF No. 103, PageID #3516; *Kapon*, No. 4:21-cr-00064, ECF No. 36, PageID #320.) The Court granted both motions. (ECF No. 106, PageID #3524; *Kapon*, No. 4:21-cr-00064, ECF No. 37, PageID #322.)

On November 21, 2023, Dr. Wahib moved to apply a modified restitution amount to reflect his culpability and the Court's modifications to the restitution obligations of Dr. Kapon and Dr. Canby. (ECF No. 107, PageID #3528.)

**DISCUSSION**

The Mandatory Victims Restitution Act mandates an award of restitution to identifiable victims of fraud. 18 U.S.C. §§ 3663(a)(3) & 3663A. The Act "ensure[s] that the offender realizes the damage caused by the offense and pays the debt owed to the victim as well as society." *United States v. Church*, 731 F.3d 530, 536 (6th Cir. 2013) (citation omitted). District courts exercise considerable discretion in fashioning restitution orders to achieve this purpose. *See Paroline v. United States*, 572 U.S. 434, 462 (2014).

In cases involving multiple defendants, district courts may either hold the defendants jointly and severally liable for the harm caused by a common scheme or apportion the restitution obligation "to reflect the level of contribution to the victim's loss and economic circumstances of each defendant." 18 U.S.C. § 3664(h); *see, e.g.*, *United States v. Williams*, 612 F.3d 500, 513 (6th Cir. 2010) (affirming the district court's restitution order apportioning liability among multiple defendants in a healthcare fraud); *United States v. Bogart*, 576 F.3d 565, 576 (6th Cir. 2009) (holding that the district court did not abuse its discretion in imposing liability jointly and severally for the total amount of restitution on multiple defendants convicted of conspiracy to commit fraud).

When Dr. Wahib "participat[ed] in a conspiracy to commit healthcare fraud, [he] bore the risk of becoming financially responsible" for the entire amount of loss. *Williams*, 612 F.3d at 513. The Court's original order that Dr. Wahib was jointly and severally liable for the total amount of restitution reflects this risk. Consistent with

the discussion on the record at sentencing and in his motion, Defendant argues that under Section 3664(h), the Court should apportion his liability for restitution as consistent with his level of culpability and to reflect the modifications to Dr. Canby's and Dr. Kapon's respective restitution obligations.

The Court specifically contemplated later modification to the restitution order at sentencing and granted such modifications for the other Defendants. For that reason, the Court agrees that apportionment of liability for restitution is appropriate to reflect the culpability that Dr. Wahib, Dr. Canby, and Dr. Kapon each bears in the conspiracy. Apportioning the loss advances the goal of achieving total compensation for the loss while also upholding the statutory aim of apportioning "liability among the defendants to reflect the level of contribution to the victim's loss and economic circumstances of each defendant." 18 U.S.C. § 3664(h).

Defendant's motion does not create a situation where the Court is completely reassessing its original judgment or decreasing the restitution owed to the victim— this modification merely allocates who pays what share of the total loss consistent with the record developed over three sentencings in two cases. (*See Kapon*, 4:21-cr-00064.) Also, it effectuates the Court's and parties' intent on resolving a final restitution order following Dr. Wahib's sentencing.

## CONCLUSION

For all these reasons, the Court exercises its discretion to apportion liability between Dr. Wahib, Dr. Canby, and Dr. Kapon and **GRANTS** Defendant's motion to modify the restitution he owes to $105,546.00.

**SO ORDERED.**

Dated: November 24, 2023

J. Philip Calabrese
United States District Judge
Northern District of Ohio

5