# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | Case No. 4:21-cr-00045-1 |
| ) | |
| Plaintiff, ) | Judge J. Philip Calabrese |
| ) | |
| v. ) | |
| ) | |
| SAMIR WAHIB, ) | |
| ) | |
| Defendant. ) | |
| ) | |

## OPINION AND ORDER

On September 13, 2023, the Court imposed a statutorily mandated restitution order as part of Dr. Wahib's sentence. (*See* ECF No. 101; 18 U.S.C. §§ 3663(a)(3) & 3663A.) On unopposed motions, the Court apportioned Mr. Wahib's obligation to half the total loss incurred between himself, Dr. Joni Canby and Dr. Michelle Kapon. (ECF No. 108; ECF No. 107; *Kapon*, 4:21-cr-00064, ECF No. 36.) Dr. Wahib seeks to offset his restitution obligation based on the Ohio Department of Medicaid's withholding of allegedly reimbursable funds at the beginning of this case's investigation. (ECF No. 109.) If his motion succeeds, Dr. Wahib's restitution oblgation is satisfied. The United States opposes the motion. (ECF No. 114.) For the reasons set forth below, the Court **DENIES** Dr. Wahib's motion.

## BACKGROUND

Dr. Wahib pled guilty to one count of conspiracy to solicit, receive, offer, and pay kickbacks in connection with a federal health care program, in violation of 18 U.S.C. § 371, and four counts of offering or paying kickbacks in connection with a

federal health care program, in violation of 42 U.S.C. § 1320a-7b(b)(2)(B). (ECF No. 100, PageID #3475.) In the plea agreement, Dr. Wahib agreed to make full restitution in the amount of $211,092 on a joint and several basis with Dr. Canby and Dr. Kapon. (*Id.*, PageID #3485.)

On September 13, 2023, the Court entered judgment against Dr. Wahib, ordering, in part, payment of restitution in the amount of $135,632 jointly and severally with Dr. Canby, payment of restitution in the amount of $75,460 jointly and severally with Dr. Kapon, and a $55,000 fine. (ECF No. 101, PageID #3495–96.) Following sentencing, Dr. Wahib, Dr. Canby, and Dr. Kapon each moved to apportion their restitution obligation to half the total loss. (ECF No. 107, PageID #3528, ECF No. 103, PageID #3516; *Kapon*, No. 4:21-cr-00064, ECF No. 36, PageID #320.) The Court granted all three motions—leaving Dr. Wahib with a final restitution obligation of $105,546—bringing his total monetary penalties to $160,546. (ECF No. 108, PageID #3531 & 3534; ECF No. 106, PageID #3524; *Kapon*, No. 4:21-cr-00064, ECF No. 37, PageID #322.) Dr. Wahib represents that he has paid $10,000 of the imposed fine, bringing his outstanding monetary obligation to $150,546. (ECF No. 109, PageID #3537.)

On December 28, 2023, Defendant moved to offset his restitution obligation based on payments that the Ohio Department of Medicaid withheld since 2017. (ECF No. 109.) By his calculation, using these withheld payments to offset his outstanding restitution obligation would reduce them to zero. (*Id.*, PageID #3537.) Defendant did not raise this issue at sentencing or in his apportionment motion.

2

ANALYSIS

On August 15, 2017, the Ohio Department of Medicaid suspended Dr. Wahib and his practice from ordering Medicaid services for patients and receiving reimbursement for any services provided—regardless of whether payments were related to the conduct underlying the federal investigation. (*Id.*, PageID #3543.) Dr. Wahib argues that the Department withheld $363,635 in Medicaid reimbursements for procedures performed before his suspension. (*Id.*, PageID #3536–37.) The United States opposes the motion, arguing that Dr. Wahib's calculations are "riddled with errors" and "disputed by ODM" and that Dr. Wahib is improperly asking the Court to order a third party to pay his fine. (ECF No. 114, PageID #3815.) Additionally, the United States argues that the Court is not the proper forum to adjudicate payment discrepancies with the Department. (*Id.*)

**I.    Fine**

Dr. Wahib requests that the Court "credit" the withheld funds to "satisfy his outstanding restitution and fine obligation." (ECF No. 109, PageID #3537.) He finds support in a case where a district court applied $5,000 in seized currency to offset a defendant's outstanding restitution obligation. *United States v. Harris*, No. 1:22-cr-335, 2023 WL 7166920, at *1 (N.D. Ohio, Oct. 31, 2023). Dr. Wahib's reliance is misplaced for two reasons.

*First*, the offset in *Harris* involved offsetting restitution, not a court-imposed fine. Any reduction or offset that Dr. Wahib seeks in his restitution obligation is separate from his obligation to pay the fine that the Court imposed. Dr. Wahib conflates these distinct penalties. While both fines and restitution orders serve some

3

punitive purposes, *see Austin v. United States*, 509 U.S. 602, 609–10 (1993); *Pasquantino v. United States*, 544 U.S. 349, 365 (2005), each penalty has a different primary goal. Ultimately, a restitution order serves remedial or compensatory purposes for the identified victim in the case. *Paroline v. United States*, 572 U.S. 434, 456 (2014). In contrast, a fine is a payment made to the sovereign as punishment for a criminal offense. *United States v. Bajakajian*, 524 U.S. 321, 328 (1998) (quoting *Browning-Ferris Indus. of Vt., Inc. v. Kelco Disposal Inc.*, 492 U.S. 257, 265 (1989)).

*Second*, in *Harris*, the United States possessed the money used to offset the defendant's monetary penalty and sought an order applying the funds against the defendant's obligation. Here, the Ohio Department of Medicaid possesses and controls the disputed funds. Logically, funds held by the victim cannot satisfy an obligation owed as a penalty to a separate sovereign. Accepting the rationale of Dr. Wahib's motion would have the effect of eliminating the fine as part of his sentence because a third-party victim effectively already paid it by withholding Medicaid reimbursements during this case's investigation. Dr. Wahib points to no authority authorizing the Court to accept a third-party State agency's withholding of funds as payment toward a fine imposed as part of a sentence for a federal conviction.

Accordingly, the balance of Dr. Wahib's fine, $45,000, remains outstanding.

## II. Restitution

### II.A. Waiver and Statutory Modification

The Mandatory Victims Restitution Act mandated an order of restitution in this case. (*See* ECF No. 108, PageID #3533–34 (citing 18 U.S.C. §§ 3663(a)(3) & 3663A).) The Court's restitution order was a final judgment. 18 U.S.C. § 3664(o); *see*

4

*also* ECF No. 108; PageID #3534 (resolving a final restitution order by apportioning Dr. Wahib's restitution obligation).

As an initial matter, Dr. Wahib waived this argument. Dr. Wahib agreed to the total value of restitution in his plea agreement (which has remained unchanged); his sentencing memorandum primarily focused on arguments against a term of incarceration; he did not raise any specific argument about offsetting his restitution obligation with withheld funds at sentencing; he did not challenge the total amount of restitution in his post-conviction apportionment motion; he waived his right to an appeal as part of his plea agreement; and he did not pursue an appeal after sentencing, and the time for an appeal has passed. *See Grant v. United States*, 72 F.3d 503, 505–06 (6th Cir. 1996) (holding that "nonconstitutional errors not raised at trial or on direct appeal are waived for collateral review").

Even if Dr. Wahib did not waive this argument, the Court cannot modify the restitution order to zero. Section 3664(o) lists four circumstances in which a court may modify a restitution order. None apply here. First, this is not a motion to correct a technical or arithmetical error in the judgment. And Dr. Wahib falls outside the 14-day limit to correct a sentence provided in Rule 35(a). Second, Dr. Wahib waived his right to appeal and did not pursue an appeal after sentencing. Third, the Court may amend a restitution order to *increase* the amount upon a showing of additional losses to the victim. But there is no reciprocal provision permitting the Court to *decrease* the amount of restitution. Finally, the Court may alter the restitution payment schedule upon finding a material change in a defendant's economic

5

circumstances. By its plain terms, this provision permits modification of a restitution payment schedule, not for an amendment to the restitution order itself.

## II.B. Offset

Notwithstanding the statutory bar to modifying a restitution order, the Mandatory Victims Restitution Act does not permit victims to obtain multiple recoveries for the same loss. *United States v. McDaniel*, 398 F.3d 540, 555 (6th Cir. 2005). Therefore, courts may offset restitution obligations where the victim has recovered some payment from a separate source. *See United States v. Bearden*, 274 F.3d 1031, 1041 (6th Cir. 2001) (affirming the district court's reduction of a defendant's restitution obligation by $47,000 to account for payment in a civil settlement to the victim). While not wholly analogous to Dr. Wahib's situation, case law describing how civil settlements may affect restitution obligations offers some guidance. Still, assuming that Dr. Wahib has not waived this argument by failing to raise it earlier, he bears the burden of proving any offset. *United States v. Sizemore*, 850 F.3d 821, 828 (6th Cir. 2017).

Dr. Wahib argues that, because the Ohio Department of Medicaid improperly withheld amounts that were otherwise reimbursable, the Department has received compensation for any loss he may have caused—which satisfies his restitution obligation. In response, the United States points to errors in the evidence that Dr. Wahib used to support his motion. (*See* ECF No. 114, PageID #3815–20.) Among other issues, his calculations include claims submitted to other insurance carriers (*see* ECF No. 110, PageID #37699–712), untimely claims that Dr. Wahib submitted

6

before his suspension (*see id.*, PageID #3713), and claims that Dr. Wahib submitted after his suspension began (*see id.*, PageID #3714).

Dr. Wahib argues that the Court need not engage in "forensic accounting to render a fair decision"—instead, the Court can exercise its sound discretion to estimate any offset. (ECF No. 115, PageID #3824–25.) Regardless of whether the Court engages in rough estimation or uses a fine-tooth comb to identify specific claims that could offset the amount of outstanding restitution, the Court is not in the position to validate or invalidate Dr. Wahib's claims for reimbursement from the Ohio Department of Medicaid. To the extent that the Department continues to withhold reimbursements from Dr. Wahib for valid claims, any challenge is more appropriately brought directly to the agency through its administrative procedures or another action rather than collaterally to the Court.

The Court cannot determine whether Dr. Wahib is entitled to reimbursement for any or all the claims he asserts. Therefore, he fails to carry his burden to demonstrate entitlement to an offset. *See United States v. Mercer*, No. 19-2163, 2020 WL 5984756, at *2 (6th Cir. April 28, 2020) (holding that the district court did not abuse its discretion denying the defendant's request for a restitution offset in a tax fraud case where the defendant failed to provide sufficient support for his allegations that the IRS had been compensated from other sources).

## CONCLUSION

For the foregoing reasons, the Court **DENIES** Dr. Wahib's motion to apply withheld Medicaid funds to offset his restitution and fine.

**SO ORDERED.**

Dated: February 20, 2024

                                  J. Philip Calabrese
                                  United States District Judge
                                  Northern District of Ohio